STATE OF NORTH CAROLINA v. CHARLES MICHAEL McDONALD

No. COA97-564

(Filed 21 July 1998)

1. **Evidence— other crimes—relevant to victim's state of mind**

There was no prejudicial error in an armed robbery prosecution from the admission of evidence of a prior breaking and entering of this victim's house where defendant had subsequently threatened the victim for telling the police that he was one of the men who had committed the break-in. Fear or intimidation is a material fact in issue regarding armed robbery and the trial court correctly determined that the victim's state of mind was relevant in this case. In light of the court's limiting instruction, it could not be found that the court's decision that the evidence was not unfairly prejudicial was unreasoned. However, assuming error, defendant failed to show prejudice because the undisputed evidence alone established the trespassory taking of personal property from the presence of another by the threatened use of a firearm.

2. **Criminal Law— prosecutor's argument—defense failure to present evidence**

There was no error in an armed robbery prosecution where the prosecutor argued that the jury had heard no evidence to conflict with the prosecuting witness's testimony. The prosecutor's comment was aimed at defendant's failure to present evidence to rebut the State's case, not at his failure to take the stand.

3. **Robbery— continuous transaction—sufficiency of evidence**

The State's evidence in an armed robbery prosecution tended to establish a continuous transaction even though defendant contended that the State failed to show that defendant's threatened use of force induced the victim to part with her property. There

was sufficient evidence to permit a reasonable juror to find that defendant's threat to shoot the victim was inseparable from the taking of her money and that the threatened use of force induced the victim to part with her money.

### 4. Evidence— armed robbery—consumption of narcotics— not prejudicial

There was no prejudicial error in an armed robbery prosecution from the admission of defendant's post-arrest statement indicating that he had consumed cocaine where there was ample other evidence to support defendant's conviction.

Appeal by defendant from judgment entered 13 February 1996 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 24 February 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Steven B. Corley, for the State.*

*Geoffrey W. Hosford for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Defendant Charles Michael McDonald appeals from a judgment entered on a jury verdict convicting him of robbery with a firearm. The relevant facts follow.

At trial, the State's evidence tended to show that at approximately 9:30 p.m. on the night of 28 March 1996, defendant went to Joyce Covington's house and asked one of her guests if he could "see her reefer." Covington testified that defendant appeared to be "high on something," and that when the guest showed defendant the marijuana in her possession, he took it, put it in his pocket, said "I gots to get mines," and stood up to leave. Covington, who had been standing in front of the door since defendant's arrival, refused to move when defendant started toward the door, and she scolded him for taking what was not his. Defendant became angry and told Covington's boyfriend, who was also present, to "have [his] girl to open the door before she get hurt." Covington did not move, so defendant repeated his demand. However, when she refused a second time, defendant reached into his pocket, pulled out a silver handgun, and threatened to shoot her. Covington took defendant's threat seriously and moved aside to open the door. Defendant, then, grabbed thirty-one dollars off of her television set and left the house.

At the close of the State's evidence, defendant made a motion for nonsuit, which the trial court denied. Defendant did not put on any evidence, and the case, upon appropriate instructions, was submitted to the jury. The jury found defendant guilty of robbery with a dangerous weapon. From the judgment of conviction, defendant appeals.

---

Defendant presents four assignments of error on appeal. He contends that the trial court erred (1) in allowing evidence of a prior breaking and entering in which defendant allegedly participated, (2) in allowing statements by the prosecutor during closing arguments which defendant contends impliedly referred to his failure to testify, (3) in denying defendant's motion for nonsuit at the close of the State's evidence, and (4) in allowing testimony regarding a post-arrest statement made by defendant. For the reasons stated in the following analysis, we conclude that the trial court did not err.

[1] Defendant argues first that the trial court improperly allowed evidence of a prior breaking and entering, which he contends had no relevant purpose other than to attribute to him a criminal disposition. We hold that by allowing this evidence, the trial court committed no prejudicial error.

Rule 404(b) of the North Carolina Rules of Evidence contains the following pertinent provisions:

> Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.R. Evid. 404(b). This rule permitting evidence of other crimes or wrongs is a general rule, " 'subject to but *one exception* requiring [exclusion of the evidence] if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.' " *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 852 (1995) (quoting *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990)). The list of permissible purposes contained in Rule 404(b) is not exclusive. *Id.* at 284, 457 S.E.2d at 852-53 (citing *State v. Bagley*, 321 N.C. 201, 362 S.E.2d 244 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)). Evidence of "other crimes" is "admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *Id.*

However, "[t]he connection between the evidence and its permissible purpose should be clear, and the issue on which the evidence of other crimes is said to bear should be the subject of genuine controversy." *State v. McKoy*, 78 N.C. App. 531, 537, 337 S.E.2d 666, 669 (1985), *rev'd on other grounds*, 317 N.C. 519, 347 S.E.2d 374 (1986).

In the present case, defendant filed a Motion in Limine to exclude all testimony regarding his alleged participation in an earlier breaking and entering of a dwelling owned and previously occupied by Covington. The trial court sustained the objection set forth in the motion, subject to an offer of proof by the State as to the relevancy of the testimony. The State proffered the following evidence to show Covington's state of mind at the time of the robbery: Sometime between December 1995 and the night of the robbery, Covington arrived at her house on Brewer Street, which she was in the process of vacating, and witnessed defendant and several other individuals running out of the house. She noticed that the back door window was broken, and it appeared that the trespassers had broken the window to gain entry into the house. When Covington notified the police of the break-in, she identified defendant as one of the individuals she saw fleeing from the scene. Days later, Covington encountered defendant unexpectedly at a neighbor's house, and when he saw her, he threatened to do her bodily harm for telling the police that he was one of the men who had committed the break-in. Covington testified that this threat caused her to fear defendant.

The State argued that these incidents were relevant to show that Covington was afraid of defendant and, thus, did not willingly invite him into her home or consent when he took her money on the night of the robbery. Defendant, however, elicited evidence on cross-examination of Covington showing that she borrowed money from him on the day of the robbery. Defendant argued that this evidence proved that Covington had no cause to fear him when he came to her house later that night. Based on the State's proffer, the trial court overruled defendant's objection and allowed the challenged testimony. The trial court gave the following limiting instruction after the evidence was presented:

> Ladies and gentleman of the jury, I think it'll be appropriate to instruct you at this time that this event involving the alleged breaking and entering of her house on an earlier occasion is not conduct with which this Defendant is charged but I am allowing it for the purpose of explaining the relationship between this

Defendant and Ms. Covington and her alleged fear of him, to explain that, her mental state.

Defendant contends that despite this instruction, the trial court erred in admitting the evidence. Defendant argues that whether Covington feared him was irrelevant, as fear is not an essential element of the offense of robbery with a dangerous weapon. We disagree.

Under section 14-87 of the North Carolina General Statutes, armed robbery is the nonconsensual taking of another's personal property in her presence or from her person by endangering or threatening her life with a firearm, where the taker knows that he is not entitled to the property and intends to permanently deprive the property from its owner. *State v. Powell*, 299 N.C. 95, 102, 261 S.E.2d 114, 119 (1980) (citing *State v. May*, 292 N.C. 644, 235 S.E.2d 178, *cert. denied*, 434 U.S. 928, 54 L. Ed. 2d 288 (1977)). "The gist of the offense is not the taking but the taking by force or putting in fear." *Id.* (citing *State v. Swaney*, 277 N.C. 602, 178 S.E.2d 399, *appeal dismissed*, 402 U.S. 1006, 29 L. Ed. 2d 428 (1971)). Thus, fear or intimidation is a material fact in issue regarding the offense of armed robbery, and we conclude that the trial correctly determined that the victim's state of mind—whether she feared defendant—was relevant in this case.

Still, relevant evidence may be excluded "if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice." *State v. Haskins*, 104 N.C. App. 675, 680, 411 S.E.2d 376, 381 (1991) (citing N.C. Gen. Stat. § 8C-1, Rule 403 (1988)). Whether evidence should be excluded as unfairly prejudicial is a matter entrusted to the sound discretion of the trial court. *Id.* (citation omitted). Hence, the trial court's decision will not be disturbed, unless it "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). In light of the court's limiting instruction, we cannot find that the trial court's decision permitting the State to introduce evidence of the earlier breaking and entering was an unreasoned one. We discern no error.

Assuming, as defendant urges, that Covington's state of mind was not relevant to the robbery in this case, we, nevertheless, conclude that admitting evidence of the prior break-in was not prejudicial error. The court's failure to exclude inadmissible evidence will not result in a new trial, unless defendant establishes " 'a reasonable possibility that a different result would have been reached at trial had the

error not been committed.' " *State v. Hurst*, 127 N.C. App. 54, 61, 487 S.E.2d 846, 852 (quoting *State v. Brown*, 101 N.C. App. 71, 80, 398 S.E.2d 905, 910 (1990)), *disc. review denied and appeal dismissed*, 347 N.C. 406, 494 S.E.2d 427, *cert. denied*, —— U.S. ——, 140 L. Ed. 2d 486 (1998). In the instant case, defendant has failed to show that he was prejudiced by the admission of evidence that he broke into Covington's Brewer Street house. There was undisputed evidence that defendant brandished a silver handgun and threatened to shoot Covington if she did not move away from the door. Then, after she moved aside and opened the door, defendant took money she had laying on the nearby television set and left the house. This evidence, alone, establishes the trespassory taking of personal property from the presence of another by the threatened use of a firearm. *See* N.C. Gen. Stat. § 14-87 (1993). Therefore, defendant has failed to meet his burden of showing a reasonable possibility that a different result would have followed absent the alleged error.

Tangentially, defendant argues that the prosecutor was permitted to elicit irrelevant details about the condition of the house after the break-in. In particular, Covington was allowed to testify that there were empty beer cans and bottles in the living room and that there were used condoms in her son's bedroom. Defendant, however, failed to specifically object to this testimony; therefore, this argument is waived. N.C.R. App. P. 10(b)(1). Accordingly, we overrule defendant's first assignment of error.

**[2]** Next, defendant argues that the trial court erred in permitting statements by the prosecutor during closing argument which defendant contends implicated his right to refrain from testifying in his own defense. Defendant takes issue with the following statement made by the prosecutor during her closing argument: "You have heard no other evidence to conflict with [Covington's] testimony." Defendant contends that this statement, although not a direct reference, drew attention to his failure to testify, because "the only person present in court who could refute [Covington's] side of the story was [defendant]." We are not persuaded.

To be sure, a defendant in a criminal case may not be compelled to testify, and any comment by the prosecutor concerning the defendant's failure to testify is strictly prohibited, as violative of the defendant's constitutional right to remain silent. *State v. Riley*, 128 N.C. App. 265, 269, 495 S.E.2d 181, 184 (1998) (citing *State v. Thompson*, 118 N.C. App. 33, 39, 454 S.E.2d 271, 275, *disc. review denied*, 340

N.C. 262, 456 S.E.2d 837 (1995)). This notwithstanding, "the defendant's failure to produce exculpatory evidence or to contradict evidence presented by the State may properly be brought to the jury's attention by the State in its closing argument." *State v. Jordan*, 305 N.C. 274, 280, 287 S.E.2d 827, 831 (1982).

In the instant case, defendant elected not to present any evidence, and the prosecutor's comment was aimed at defendant's failure to present evidence to rebut the State's case, not at his failure to take the stand. Thus, the challenged statement was not an impermissible reference to defendant's failure to testify. *See State v. Mason*, 317 N.C. 283, 287, 345 S.E.2d 195, 197 (1986) (holding that statements by prosecutor that State's case was "uncontradicted," that there was "nothing else from this witness stand to show otherwise," and that jury should consider absence of alibi witnesses did not constitute impermissible comment on defendant's failure to testify). We, therefore, reject defendant's second assignment of error.

**[3]** Defendant next challenges the trial court's denial of his motion for nonsuit at the close of the State's evidence, alleging that the evidence aroused no more than a mere suspicion as to defendant's guilt. Again, we disagree.

The question presented by a motion for nonsuit is whether substantial evidence exists to submit the case to the jury and to justify a guilty verdict on the offense charged. *State v. Brown*, 300 N.C. 41, 47, 265 S.E.2d 191, 195 (1980) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Additionally, in considering a motion for nonsuit, the trial court must view the evidence in the light most favorable to the State, allowing the State every reasonable inference and intendment to be drawn from the evidence. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117.

Defendant does not deny the fact that he brandished the gun and threatened to shoot Covington. Instead, he maintains that because "it is not clear from [Covington's] testimony at what point in time [he] returned the silver gun to his coat pocket," the State failed to show that defendant's threatened use of force induced Covington to part with her property. Defendant cites our Supreme Court's holding in *State v. Hope*, 317 N.C. 302, 345 S.E.2d 361 (1986), as support for this proposition. In *Hope*, the Supreme Court, indeed, stated that "the use of force or violence must be such as to *induce* the victim to part with

his or her property." *Id.* at 305, 345 S.E.2d at 363. The Court, however, further held as follows:

> In this jurisdiction to be found guilty of armed robbery, the defendant's use or threatened use of a dangerous weapon must precede or be concomitant with the taking, or be so joined with it in a continuous transaction by time and circumstance as to be inseparable.

*Id.* at 306, 345 S.E.2d at 364 (citations omitted).

Applying the preceding principles, we determine that the State produced sufficient evidence in the present case to allow a rational trier of fact to find beyond a reasonable doubt that defendant committed the offense of armed robbery. The State's evidence tended to establish a continuous transaction, with the threatened use of a firearm so connected in time and circumstance with the actual taking "as to be inseparable." *See id.* Defendant took marijuana from Covington's guest, put it in his pocket, and stood up to leave. When Covington refused to move away from the door, defendant reached into his pocket, pulled out a silver handgun, and threatened to shoot her. Covington opened the door, and defendant grabbed thirty-one dollars off of her television set and left. This evidence was sufficient to permit a reasonable juror to find that defendant's threat to shoot Covington was inseparable from the taking of her money and that the threatened use of force induced Covington to part with her money. Defendant's third assignment of error, then, fails.

[4] Lastly defendant contends that the trial court erred in allowing Detective Thompson to testify that after defendant was arrested, he made the following statement regarding a plastic bag found in his shoe: "That's a baggie I bit off that had powdered coke in it I did earlier." Defendant filed a Motion in Limine to exclude this testimony. The trial court, however, overruled the motion, on the ground that it corroborated Covington's testimony that defendant was acting "high." Defendant argues that this ruling was improper, because whether defendant was under the influence on the night of 28 March 1996 did not bear upon any of the elements of armed robbery. Assuming, without deciding that the trial court erred in admitting the evidence, defendant has, again, failed to show prejudice.

As previously noted, "the erroneous admission of . . . evidence[] is not always so prejudicial as to require a new trial." *State v. Ramey,* 318 N.C. 457, 470, 349 S.E.2d 566, 574 (1986). " '[T]he appellant must

show error positive and tangible, that has affected his rights substantially and not merely theoretically, and that a different result would have likely ensued.' " *State v. Billups*, 301 N.C. 607, 616, 272 S.E.2d 842, 849 (1981) (quoting *State v. Cross*, 284 N.C. 174, 200 S.E.2d 27 (1973)).

Notwithstanding Detective Thompson's testimony regarding defendant's post-arrest statement, there was ample evidence to support defendant's conviction of armed robbery, i.e., that defendant took thirty-one dollars from Covington after threatening to shoot her. Contrary to defendant's contention, the jury did not need evidence that defendant used an illegal narcotic to infer that he could have committed the robbery. Therefore, admission of the challenged evidence was not prejudicial, and defendant's final assignment of error is overruled.

In light of all of the foregoing, we conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges GREENE and WALKER concur.