MIRIAM VAUGHN, PLAINTIFF-APPELLEE v. JOHN H. VAUGHN, DEFENDANT-APPELLANT

No. 8918DC1219

(Filed 17 July 1990)

**Contempt of Court § 8 (NCI3d); Rules of Civil Procedure § 60.2 (NCI3d)— contempt order not void—motion to set aside— inappropriate method to rectify alleged error**

Where the trial court had jurisdiction and authority to enter a contempt order, the order was not void; therefore an N.C.G.S. § 1A-1, Rule 60(b)(4) motion was an inappropriate means to rectify the court's alleged error in failing to appoint an attorney for defendant at the contempt hearing, and the trial court did not abuse its discretion in denying defendant's motion.

**Am Jur 2d, Contempt §§ 92, 115.**

APPEAL by defendant from order entered 5 October 1989 by *Judge Joseph E. Turner* in GUILFORD County District Court. Heard in the Court of Appeals 9 May 1990.

Defendant appeals the denial of his Rule 60(b) motion. This litigation commenced when defendant was summoned to show cause why he should not be held in contempt for failure to pay court ordered child support. Defendant was not represented by counsel

at the show cause hearing and did not request that the court appoint an attorney for him. The court's commitment order states that defendant represented that he was presently unemployed and living with his parents. The trial court found that defendant had received unemployment compensation for the period between 1 February 1989 and 26 June 1989 and that defendant failed to apply any of this money to his support obligation. The trial court found defendant in contempt and sentenced him to 29 days. The order did not provide for defendant's release prior to the expiration of 29 days. Defendant did not appeal to superior court pursuant to G.S. 5A-17 but instead filed a Rule 60(b)(4) motion, asserting that the contempt order was void because no attorney had been appointed for him. The Rule 60(b)(4) motion was denied and defendant appeals.

Gregory L. Gorham for plaintiff-appellee.

Central Carolina Legal Services, Inc., by Stanley B. Sprague, for defendant-appellant.

EAGLES, Judge.

G.S. 1A-1, Rule 60(b) provides in pertinent part that

[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

* * *

(4) The judgment is void[.]

"[A] motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the Court abused its discretion." Sink v. Easter, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

Notwithstanding the parties' arguments regarding the requirement that the court appoint counsel for defendant in this case, the principal question here is whether the contempt order is void or whether it is merely voidable. Defendant argues that the contempt order is void because counsel was not appointed to represent him at the show cause hearing. We disagree and find no abuse of discretion in the denial of defendant's Rule 60(b)(4) motion.

"If a judgment is void, it must be from one or more of the following causes: 1. Want of jurisdiction over the subject matter; 2. Want of jurisdiction over the parties to the action, or some of them; or 3. Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts without jurisdiction, while in those of the third class, it acts in excess of jurisdiction." On the other hand, the Supreme Court has said that a judgment is not void where the court which renders it "has authority to hear and determine the questions in dispute and control over the parties to the controversy. . . ." In such case, the judgment is not void even though it may be contrary to law; it is voidable, but is binding on the parties until vacated or corrected in the proper manner.

*Allred v. Tucci*, 85 N.C. App. 138, 142, 354 S.E.2d 291, 294, *disc. rev. denied*, 320 N.C. 166, 358 S.E.2d 47 (1987) (citations omitted). Stated otherwise, a judgment is not void if "the court had jurisdiction over the parties and the subject matter and had authority to render the judgment entered." *In re Brown*, 23 N.C. App. 109, 110, 208 S.E.2d 282, 283 (1974).

Here, defendant does not contend that the trial court was without jurisdiction or authority to enter the contempt order. He contends, instead, that the court committed an error of law by not appointing counsel for him. Assuming *arguendo* that defendant was entitled to appointed counsel at the show cause hearing, defendant has confused what constitutes an erroneous judgment with a void one. Because the court had jurisdiction and authority to enter the contempt order, the order is not void. *Id.* Therefore, a Rule 60(b)(4) motion is an inappropriate means to rectify the alleged error. The trial court did not abuse its discretion in denying defendant's motion.

For the reasons stated, we find no error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.