## LOFTIS v. REYNOLDS

[105 N.C. App. 697 (1992)]

JEAN GOOD LOFTIS AND CEDRIC J. LOFTIS, JR., PLAINTIFFS v. JERRY RALPH REYNOLDS AND DEBORAH REYNOLDS FULP, DEFENDANTS

No. 9121SC304

(Filed 17 March 1992)

**Rules of Civil Procedure § 60.4 (NCI3d) — motion for relief from judgment — not substitute for appeal**

The trial court properly denied plaintiffs' Rule 60(b) motion for relief from summary judgment entered for defendants where plaintiffs asserted that the entry of summary judgment was erroneous as a matter of law because the trial court misconstrued their position as to defendants' counterclaim and defendant automobile owner's acceptance of payment and settlement by plaintiffs' automobile insurance carrier. Rule 60(b) motions for relief from judgment cannot be used as a substitute for appeal, and erroneous judgments may be corrected only by appeal.

**Am Jur 2d, Judgments §§ 671, 674.**

APPEAL by plaintiffs from order entered 4 January 1991 in FORSYTH County Superior Court by *Judge Joseph R. John, Sr.* Heard in the Court of Appeals 13 January 1992.

On 27 January 1988, while operating her 1977 Chevrolet on N.C. 66 near Kernersville, plaintiff Jean Loftis was involved in a collision with a 1979 Ford owned by defendant Deborah Fulp and being operated by defendant Jerry Reynolds.

On 9 May 1989, plaintiffs instituted this action seeking recovery for personal injury to Jean Loftis and for loss of consortium by her husband, Cedric Loftis.

Defendants Jerry Reynolds and Deborah Fulp answered with general denials as to both claims for relief and pleaded the affirmative defenses of contributory negligence and unavoidable accident. Defendants also asserted a counterclaim for property damage to defendant Fulp's automobile, alleging that the sole proximate cause of the collision was the negligence of plaintiff Jean Loftis in the operation of her automobile.

Plaintiffs answered defendants' counterclaim with general denials, and as a "Third Defense" alleged that Deborah Fulp had

received compensation for her damages suffered as a result of the collision and therefore defendants were estopped from asserting their claim.

Discovery followed, and on 8 March 1990, defendants filed a motion for summary judgment. In their motion they did not indicate whether they were seeking summary judgment as to plaintiffs' claims or as to their counterclaim. On 15 March 1990, plaintiffs filed a reply to defendants' motion for summary judgment, supported by reference to certain discovery materials.

Further discovery ensued, and on 16 April 1990, plaintiffs filed a motion for summary judgment on defendants' counterclaim in which plaintiffs alleged that discovery materials in the case had established that defendant Deborah Fulp had received a payment from American Mutual Fire Insurance Company "in full settlement, release, and discharge of any and all claims arising from the loss or damage" on 27 January 1988. In support of their motion, plaintiffs filed discovery materials showing that on 9 February 1988, American Mutual Insurance Company issued its bank draft on behalf of its insured Cedric Loftis in the amount of $3050.00, payable to Deborah Fulp for property damage for a loss on 27 January 1988, with this entry: "Total loss — owner keeps salvage." Deborah Fulp endorsed and cashed the draft. Above her signature appeared an aknowledgement of complete and full release and settlement of "all claims" . . . "as set forth on the reverse hereof."

On 26 April 1990, plaintiffs filed a "withdrawal of motion for summary judgment."

On 9 May 1990, the trial court entered an order granting defendants' motion for summary judgment and on its own motion granted summary judgment for plaintiffs against defendants' counterclaim. Plaintiffs did not appeal from the order of 9 May 1990, but on 21 May 1990 filed a Rule 59(a)(7) and Rule 60(b)(6) motion for relief from the 9 May 1990 judgment. That motion was subsequently denied by the trial court's order of 4 January 1991. It is from that order that plaintiffs have appealed.

*White and Crumpler, by Fred G. Crumpler, Jr. and Dudley A. Witt, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, by Reid C. Adams, Jr. and Mary J. Davis, for defendants-appellees.*

WELLS, Judge.

In their motion for relief from judgment, plaintiffs argued the forecast of evidence with respect to the payment by plaintiffs' insurance company to defendant Deborah Fulp, and then concluded their motion with the following two paragraphs and prayer:

## VI.

That the plaintiffs thereby submit that the defendant should have been estopped from asserting that Counterclaim as there would be no facts to support the jury awarding any more compensation to the defendant than she had already received. That the only purpose for filing the counterclaim would be to unduly confuse the jury and the defendant Fulp should have been estopped from presenting said claim.

## VII.

That the Judgment filed May 14, 1990 was contrary to law in that the plaintiffs were asserting the defense of estoppel and not compromise and settlement as contended by the defendants.

WHEREFORE, the plaintiffs pray this Court that the Order entered on May 14, 1990 hereby be vacated and that the defendant be estopped from asserting the counterclaim and that the plaintiff and the defendant have a trial as to what amount, if any, the plaintiffs are entitled to recover as a result of the negligence of the defendant.

Plaintiffs' pertinent assignments of error are as follows:

1. The Trial Court erred in its Finding of Fact and Conclusion of Law that there was no genuine issue of material fact and that the defendants were entitled to Summary Judgment as a matter of law.

2. The Trial Court erred in entering its Order which was signed on [sic] dated May 9, 1990 and entered on May 14, 1990 as it is contrary to existing law.

3. The Trial Court erred in denying plaintiff's Motion for Relief from the Judgment entered by the Honorable Joseph R. John, Sr. on May 14, 1990 in an Order entered January 4, 1991 as said Order is contrary to existing law.

In their brief, plaintiffs present the following question:

I. DID THE TRIAL COURT ERR IN DENYING PLAINTIFFS' RULE 60(b) MOTION BASED UPON EXCUSABLE NEGLECT?

The foregoing question references plaintiffs' assignments of error numbers 1 and 3.

Plaintiffs' argument relating to the foregoing question attempts to persuade this Court that the entry of summary judgment against them was due to their attorneys' excusable neglect, which should not be attributed to them, and that they were for that reason entitled to relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure. Plaintiffs cite and argue excusable neglect case law precedent interpreting entitlement to relief for the excusable neglect of a party's attorney.

Of course, that is not what is at issue here. In their motion for relief and in their assignments of error, plaintiffs have asserted that the entry of summary judgment against them was erroneous as a matter of law because the trial court misunderstood or misconstrued their position as to defendants' counterclaim and defendant Fulp's subsequent acceptance of payment and settlement by plaintiffs' insurance carrier. As our appellate courts have consistently held, Rule 60(b) motions for relief from judgment cannot be used as a substitute for appeal and erroneous judgments may be corrected only by appeal. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 277 S.E.2d 115, *appeal dismissed and cert. denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). *See also Chicopee, Inc. v. Sims Metal Works, Inc.*, 98 N.C. App. 423, 391 S.E.2d 211 (1990); *J.D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 376 S.E.2d 254 (1989).

For the reasons stated, the trial court's order of 4 January 1991 must be and is

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.