This case involves a trial court's denial of a motion to set aside a default judgment on the grounds of lack of personal jurisdiction.
Alvin Eugene Colvin filed for divorce against Marline Dean Colvin in the Circuit Court of Mobile County. The wife contends that she was not served with process in accordance with Rules 4.1(a), (b), or (c), A.R.Civ.P. The case action summary contains a notation "atty accepted service, Ed Massey." Massey testified that he filed a motion to withdraw in October 1992. No other responsive pleading, motion, answer, affidavit, or waiver of notice appears of record.
The parties were divorced on November 13, 1992. On December 11, 1992, the wife filed post-judgment motions, alleging that she never received service of process, and that, therefore, the trial court did not have jurisdiction to enter the default divorce, that the judgment was void for want of jurisdiction, and that it should be set aside.
Following an ore tenus proceeding in January 1993, at which the husband, the wife, and Massey testified, the trial court denied the wife's motion to set aside the judgment of divorce; hence, this appeal. *Page 803 
At that hearing, Massey asserted that he accepted service of the complaint either by personally obtaining a copy or by having the clerk place a copy in his firm's mail box in the clerk's office. Shortly after accepting service, Massey recommended that the wife seek other legal counsel, instructed that the wife be given her file, and filed his "Motion to Withdraw." The wife testified that she was never informed that a trial date had been set, and that she was unaware of the status until she received the decree of divorce, although she was represented by new and different counsel. The record does not reflect if the date of the judgment was the date the case was regularly set for trial.
The husband asserts that service upon the wife's attorney was sufficient to comply with Rule 4(c)(1), A.R.Civ.P., which allows service of process "by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process." He makes no contention and expressly denies that service was pursuant to Rule 4(h), A.R.Civ.P., which allows for the acceptance or waiver of service by one's attorney, provided that the acceptance or waiver is in writing and is signed by the defendant and a credible witness. The record is devoid of any such acceptance or waiver. Thus, the question before this court is whether the attorney in this case was "an agent authorized by appointment or by law to receive service of process." Rule 4(c)(1), A.R.Civ.P.
Considering the circumstances of this case, we think not. There is no credible evidence in the record reflecting an appointment of Massey as agent for the wife for purposes of service of process, nor are we cited to any rule or law whereby he is "authorized by . . . law" to accept service of process for his client, other than in accordance with Rule 4(h). We note with interest the Committee Comments on the amendment of Rule 4(c)(1), viz:
 "The committee notes that courts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant. On motion to set aside a default or on motion for relief from a default, where service has been attempted on a person alleged to be or purporting to be an agent, no presumption of agency should be indulged in with respect to such service and the court should be satisfied that the person upon whom service was attempted was in fact the authorized agent of the defendant before refusing to grant relief from a default judgment."
This is in keeping with the many prior decisions of this court holding that default judgments are not favored by the courts, and that discretion to grant same should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof. Rules 55(c), 60(b), A.R.Civ.P.;Williams v. Curry, 455 So.2d 43 (Ala.Civ.App. 1984).
Neither the Alabama Code nor our Rules of Civil Procedure authorize process service on the defendant's attorney unless performed in compliance with Rule 4(h), Singleton v. Allen,431 So.2d 547 (Ala.Civ.App. 1983), or unless there is credible evidence of the appointment of the attorney as agent for purposes of service of process, or that he is authorized by law in accordance with Rule 4(c)(1) as amended by the Rules Committee in 1992.
This court is aware of the long standing informal practice by most members of the bar whereby they regularly accept service on behalf of their clients and later file their appearance on behalf thereof. Nothing in this opinion is intended to change that practice; however, in a case such as here, where the attorney has withdrawn, and no other appearance has been filed, Rule 4(h) or Rule 4(c)(1) must be strictly adhered to in order to enter a default judgment. Failure of personal service of original process on the wife in this instance renders the judgment by default void.Bunbury v. Bunbury, 553 So.2d 612 (Ala.Civ.App. 1989). Thus, this case is due to be, and it is hereby, reversed and remanded for further proceedings consistent with this opinion.
The wife's request for an attorney fee on appeal is denied. *Page 804 
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.