BRANCH BANKING & TRUST COMPANY, a NORTH CAROLINA CORPORATION, PLAINTIFF V.
GLENWOOD TUCKER AND WIFE, SHARLETTE A. TUCKER, DEFENDANTS

No. COA97-1121

(Filed 6 October 1998)

### 1. Judgments— Rule 60 relief—no abuse of discretion

The trial court did not err by setting aside a summary judg-
ment and entries of default where defendants Tucker executed
promissory notes to plaintiff Branch Banking & Trust secured by
deeds of trust on their real estate and by certain equipment and
personal property; the Tuckers defaulted and plaintiff instituted
foreclosure and an action on the notes; plaintiff purchased the
real property at the foreclosure sale and assigned its bid; plaintiff
agreed in the assignment that it would not seek further recovery
and filed a voluntary dismissal with prejudice; plaintiff subse-
quently instituted a second civil action seeking the deficiency on
the notes; defaults were entered against the Tuckers; plaintiff's
attorney also filed a motion for summary judgment, which was
granted; the Tuckers moved for relief under N.C.G.S. § 1A-1, Rule
60(b); and that motion was granted, with the summary judgment
and the entries of default set aside and plaintiff's complaint dis-
missed with prejudice. The trial court found that plaintiff was
attempting to collect on the same promissory notes involved in
the earlier action, which had been voluntarily dismissed with
prejudice, and set aside the summary judgment in the exercise of
its discretion. Plaintiff does not make any contention that the
judge abused his discretion and no abuse of discretion was
shown on the facts.

### 2. Judgments— Rule 60 motion for relief—timeliness

It could not be said that the trial court erred by concluding
that defendant's motion for relief was filed within a reasonable
time where plaintiff began a foreclosure against defendant's prop-
erty on 23 April 1992 and an action on promissory notes secured
in part by equipment and personal property on 7 May 1992; plain-
tiff bought the real property at the foreclosure sale on 12 January
1993, assigning its bid and then taking a voluntary dismissal with
prejudice of the civil action on 23 February 1993; plaintiff insti-
tuted a second civil action on the notes on 26 March 1993;
defaults were entered against defendants on 21 May 1993 and 8
July 1993; plaintiff also filed a motion for summary judgment and
a notice that a hearing would be held on 26 July 1993; a certificate

of service by mail was signed by plaintiff's attorney but defendants deny receipt of the documents; a hearing was held on 26 July 1993 with neither defendant present; summary judgment was granted on 10 October 1994; and plaintiffs moved for relief on 14 September 1995. There is nothing in the record to indicate any notice to defendants that summary judgment had been entered, and defendants filed their motion for relief in less time than plaintiff consumed in preparing the order and having it signed and filed.

3. **Judgments— Rule 60 relief—complaint dismissed with prejudice**

The trial court erred by dismissing a complaint with prejudice where defendants Tucker executed promissory notes to plaintiff Branch Banking & Trust secured by deeds of trust on their real estate and by certain equipment and personal property; the Tuckers defaulted and plaintiff instituted foreclosure and an action on the notes; plaintiff purchased the real property at the foreclosure sale and assigned its bid; plaintiff agreed in the assignment that it would not seek further recovery and filed a voluntary dismissal with prejudice of its civil action; plaintiff subsequently instituted a second civil action seeking the deficiency on the notes; defaults and a summary judgment were entered against the Tuckers; and the Tuckers moved for relief under Rule 60(b). While the trial court understandably concluded that plaintiff is seeking to relitagate matters finally disposed of by the voluntary dismissal with prejudice, plaintiffs are entitled to make their argument that the dismissal was only intended to dismiss its claim for foreclosure.

Appeal by plaintiff from order entered 31 January 1997 by the Honorable Knox V. Jenkins in Johnston County Superior Court, setting aside summary judgment entered on 10 October 1994 by the Honorable Henry V. Barnette, Jr., and dismissing plaintiff's complaint. Heard in the Court of Appeals 17 August 1998.

*W. Robert Denning, III, for plaintiff appellant.*

*Emery D. Ashley for defendant appellees.*

HORTON, Judge.

On 29 April 1988 and 23 April 1991, defendants Glenwood Tucker, and wife, Sharlette A. Tucker (the Tuckers), executed certain promis-

sory notes to plaintiff Branch Banking & Trust Company for loaned money and executed deeds of trust on their real estate to secure those notes. The Tuckers also pledged certain equipment and personal property as security for the notes. The Tuckers defaulted in payment of the notes and plaintiff instituted a special proceeding on 23 April 1992 to foreclose the deeds of trust. On 7 May 1992, plaintiff filed a civil action to recover money from the promissory notes, possession of the pledged equipment and personal property by claim and delivery, and attorneys' fees.

On 12 January 1993, plaintiff became the last and highest bidder at the foreclosure sale of the Tuckers' real property. Plaintiff's bid was $210,001.00. On 22 January 1993, plaintiff assigned its bid to Shelton R. Adams and Suzette J. Stroud by a document entitled "Assignment of Bid and Agreement" (Assignment). The Assignment was prepared by plaintiff's attorney and was signed by plaintiff. In the Assignment, plaintiff agreed that it would not seek any further recovery from defendants and it would dismiss its pending civil action against them with prejudice. The terms of the sale were then complied with, final reports were filed, and the special proceeding was closed on 22 February 1993. On 23 February 1993, as agreed, plaintiff filed a voluntary dismissal with prejudice in its civil action against the Tuckers.

On 26 March 1993, plaintiff instituted a second civil action against the Tuckers, seeking to recover the deficient balance due on the promissory notes. Each defendant was served with a summons and unverified complaint in the action, and each defendant moved for an extension of time within which to file an answer. Defendant Sharlette A. Tucker's *pro se* motion for extension of time was granted, and the time for answering was extended through 18 June 1993. No order granting defendant Glenwood Tucker's motion for extension of time appears in the record.

On 20 May 1993, plaintiff's attorney executed and filed an affidavit with the trial court stating that defendant Glenwood Tucker was served with summons and complaint, the time to answer had expired, and Glenwood Tucker was "indebted to the plaintiff in the amount of $203,783.23 with interest thereon from date[.]" An assistant clerk entered default against Glenwood Tucker on 21 May 1993.

Sharlette A. Tucker never filed an answer, and her default was entered on 8 July 1993. Plaintiff's attorney signed and filed an affidavit against Sharlette A. Tucker on 8 July 1993, alleging that she was

BRANCH BANKING & TRUST CO. v. TUCKER

[131 N.C. App. 132 (1998)]

indebted to plaintiff in the "amount of $203,783.23 with interest thereon from date." On 8 July 1993, plaintiff's attorney also filed a motion for summary judgment and a notice that the motion would be heard at the term of Johnston County Superior Court beginning on Monday, 26 July 1993, at 10:00 a.m. The certificate of service on the notice of hearing and the motion for summary judgment was signed by plaintiff's attorney and stated that copies of the notice and motion were mailed to each defendant at "Route 4 Box 171A, Benson, NC 27504." Defendants deny receipt of the documents.

The Honorable Henry V. Barnette, Jr., presided over the 26 July 1993 Session of Johnston County Superior Court. Judge Barnette is and was then a Resident Superior Court Judge of Wake County. Apparently there were some proceedings in the case before Judge Barnette at the July 1993 Session. Neither defendant was present. More than a year later, on 10 October 1994, Judge Barnette granted summary judgment and ordered that "plaintiff have and recover of the defendants the sum of $203,783.23 with interest thereon as allowed by law; together with the costs of this action, and attorneys' fees as allowed by the laws of the State of North Carolina."

Other than the brief affidavits filed by plaintiff's attorney to secure entries of default against defendants, it does not appear that other affidavits or testimony in support of the motion for summary judgment were presented to Judge Barnette. Additionally, there is no explanation given for the delay in signing the motion for summary judgment. Further, there is nothing in the record to show that the motion for summary judgment was ever served on either defendant.

On 14 September 1995, the Tuckers moved, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990), for relief from summary judgment. The matter was heard by the Honorable Knox V. Jenkins at the 6 January 1997 Session of Johnston County Superior Court. Judge Jenkins entered an order setting aside summary judgment under the provisions of N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) and (6).

Judge Jenkins also ordered that the entries of default be set aside and that plaintiff's complaint be dismissed with prejudice. Plaintiff then moved pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60 (1990) that the trial court alter or amend its judgment insofar as it provided for a dismissal of plaintiff's complaint. Judge Jenkins denied the motion to alter or amend on 11 February 1997, and plaintiff appealed both from that denial and from the order setting aside summary judgment.

On appeal, plaintiff argues Judge Jenkins erred in concluding that summary judgment was void, defendants did not act within a reasonable time in seeking relief from summary judgment, and plaintiff's complaint should be dismissed.

Before we address the merits of this case, we note that appellate review is confined to those exceptions which pertain to the argument presented. *Crockett v. First Fed. Sav. & Loan Assoc. of Charlotte*, 289 N.C. 620, 631, 224 S.E.2d 580, 588 (1976). To obtain appellate review, a question raised by an assignment of error must be presented and argued in the brief. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 18, 341 S.E.2d 588, 598, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 139 (1986). Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976). In the instant case, plaintiff notes seven assignments of error in the record on appeal but does not set any of them out in its brief in support of any question therein presented. Notwithstanding the errors, in deference to the litigants and for reasons of judicial economy, we nevertheless address the general thrust of plaintiff's argument pursuant to N.C.R. App. P. 2.

[1] Plaintiff first contends Judge Jenkins erred in finding that summary judgment was "void" pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) and in setting aside the judgment. We note that Judge Jenkins also set aside summary judgment in his discretion pursuant to the provisions of N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), which provides that:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

Judge Jenkins found that plaintiff was attempting to collect from defendants on the same promissory notes involved in the earlier action against defendants, which was voluntarily dismissed with prejudice. In its discretion, the trial court then set aside summary judgment.

## BRANCH BANKING & TRUST CO. v. TUCKER

### [131 N.C. App. 132 (1998)]

"Rule 60(b) has been described as '. . . a grand reservoir of equitable power to do justice in a particular case. . . .'" *Jim Walter Homes, Inc. v. Peartree*, 28 N.C. App. 709, 712, 222 S.E.2d 706, 708 (1976) (citation omitted). Relief afforded under N.C. Gen. Stat. § 1A-1, Rule 60(b) "is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion." *Harrington v. Harrington*, 38 N.C. App. 610, 612, 248 S.E.2d 460, 461 (1978). Plaintiff does not set out any argument, or make any contention, that Judge Jenkins abused his discretion in setting aside the order for summary judgment. Thus, no abuse of discretion has been shown on the facts of this case.

[2] Second, it does not appear from the record that defendants did not act within a reasonable time in moving for relief from summary judgment. For reasons which do not appear from the record, plaintiff did not present the order for summary judgment to Judge Barnette for more than a year after a hearing on its motion for summary judgment. Summary judgment was filed on 10 October 1994 and defendants filed their motion for relief from the order on 14 September 1995, less than a year later. There is nothing in the record to indicate any notice to defendants that summary judgment had been entered. Defendants filed their motion for relief from summary judgment in less time than plaintiff consumed in preparing the order, having it signed, and filed. Certainly we cannot say that the trial court erred in concluding that defendants' motion for relief was filed within a reasonable time.

[3] Finally, while it appears the trial court acted within its discretion in setting aside the entries of default against defendants, it appears the trial court erred in dismissing plaintiff's complaint with prejudice. The trial court understandably concluded that plaintiff is seeking to relitigate matters finally disposed of by the voluntary dismissal with prejudice entered by plaintiff in its first civil action against these defendants. While defendants are entitled to the opportunity to plead the disposition of the prior civil action in bar of the instant claim against them, plaintiff contends the dismissal with prejudice was only intended to dismiss its claim for foreclosure and not any claim for deficiency arising from the foreclosure sale. Whether that argument will ultimately prevail we cannot say, but plaintiff is entitled to make it. We further note that neither responsive pleadings nor a motion for summary judgment were filed by defendants in the trial court.

In conclusion, the actions of the trial court in setting aside summary judgment and the entries of default are affirmed, but its action in dismissing plaintiff's complaint with prejudice is reversed. This

SMITH v. PRINCIPAL MUT. LIFE INS. CO.

[131 N.C. App. 138 (1998)]

matter is remanded to the trial court with directions to enter an order setting a time within which defendants may file an answer or otherwise defend the complaint.

Affirmed in part, reversed in part, and remanded.

Chief Judge EAGLES and Judge MARTIN, Mark D., concur.