EDWIN MOSS, MALCOLM THOMAS, THOMAS HEREFORD, C. RAY EDWARDS, JIM STALLINGS, AND LEM LONG, Plaintiffs v. THE IMPROVED BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF THE WORLD, AND DONALD P. WILSON, Defendants

No. COA99-804

(Filed 18 July 2000)

**Process and Service— Alabama default judgment—no proper service under Alabama law**

The trial court did not err by granting defendants Rule 60 relief from an Alabama default judgment in a case arising from a struggle over the national leadership of the Elks where the court ruled that defendants were not properly served under Alabama law and concluded that the judgment was not entitled to full faith and credit.

Appeal by plaintiffs from order entered 12 March 1999 by Judge James G. Ragan III in Hertford County Superior Court. Heard in the Court of Appeals 17 April 2000.

Plaintiff-appellants Moss, et al, appeal Judge Ragan's order granting Defendant-appellees Donald Wilson (Wilson) and the Elks relief from an Alabama default judgment.

The underlying case arose out of a power struggle over the national leadership of the Improved Benevolent and Protective Order of Elks of the World (the Elks). Defendant-appellee Donald Wilson led the Elks as Grand Exalted Ruler from 1982 until 1994, when plaintiff-appellant Lem Long (Long) challenged him in a national election. Wilson was re-elected Grand Exalted Ruler and expelled Long and his supporters from the Elks.

Long and his supporters subsequently filed three lawsuits against Wilson and the Elks. Two of the cases, *Hicks, et al v. Wilson*, No. 2:95-CV-22-BO(3) (E.D.N.C. June 20, 1995), *aff'd, Hicks v. Wilson*, No. 95-2385 (4th Cir. May 20, 1996) and *Long v. Wilson*, No. 3:95CV215-P (W.D.N.C. Nov. 14, 1996), were previously dismissed pursuant to N.C. R. Civ. P. 12(b)(1) and 56, respectively.

This appeal concerns a default judgment entered in the circuit court for Dallas County, Alabama. In their complaint, plaintiffs sought (1) an accounting of Elks funds under Wilson's previous tenure as Grand Exalted Ruler, (2) reinstatement of plaintiffs into the Elks, (3)

MOSS v. IMPROVED B.P.O.E.

[139 N.C. App. 172 (2000)]

an order restraining Wilson from interfering in meetings of the Alabama Elks chapter, (4) a declaration that Wilson's re-election as Grand Exalted Ruler was void, and (5) monetary damages, fees and "other relief" from Wilson's alleged misconduct during and after his re-election.

Notations on the Alabama court docket indicate that (1) certified mail was "issued" to Wilson and the Elks on 7 February 1996; (2) Wilson and the Elks were "served" by certified mail on 12 and 13 February, and (3) "return cards" were received by the court from the Elks and Wilson on 12 and 20 February. The docket does not indicate what was "issued" by certified mail or what was "served" on defendants on 12 and 13 February. The return cards are not in the record here.

After Wilson and the Elks did not answer, the Alabama circuit court clerk made an entry of default against defendants on 18 April 1996.

On 19 April 1996, Larry Wallace (Wallace), the Elks' former legal counsel in Atlanta and Washington, DC, attended a "first status call" hearing on the case in Alabama. Wallace was not licensed to practice law in Alabama and did not move for admission *pro hac vice*. According to affidavits supporting the defendants' motion for relief to the North Carolina court here, Wallace responded to the Alabama trial court's inquiry about potential defenses by explaining that "the Grand Lodge and Wilson had not been served." Plaintiffs' Alabama counsel, J.L. Chestnut, in his affidavit in support of plaintiffs' response to the motion for relief, noted that Wallace argued that the certified mail package "issued" to defendants was "left allegedly with an unauthorized employee at the corporate defendant's headquarters." Wallace and Wilson further stated by way of affidavits that although Wallace commented on improper service, (1) Wilson was not personally served with the summons and complaint before the 19 April 1996 hearing; (2) Wallace neither waived nor agreed to accept service on behalf of either defendant at the 19 April 1996 hearing, and was not authorized by defendants to do so, and (3) neither Wallace nor Wilson signed any written authorization for Wallace to waive or accept service on their behalf.

In his affidavit, Chestnut stated that "out of state-lawyers introduced by local opposing counsel are frequently permitted to argue initial pretrial motions before formally complying with the *pro hac vice* process." Chestnut further wrote that at the 19 April hearing,

Wallace (1) "acknowledged representation of the two defendants in open court and made no mention whatsoever of appearing specially to 'learn,' 'to explain' or for any other limited purpose," (2) "graciously volunteered in open court to accept service for his clients," and (3) in the judge's presence, "informally" accepted service on his clients' behalf from Chestnut in accordance with local practice.

Even after the 19 April 1996 hearing, defendants failed to answer plaintiffs' complaint. Plaintiffs moved for a default judgment against defendants on 2 August 1996. On 5 August 1996, the Alabama circuit court clerk issued notice to defendants of a 23 August 1996 hearing on plaintiffs' motion. On 6 August 1996 the court signed a Default Judgment and Order, which judgment was entered 12 August. In its ruling, the Alabama court found that

1. [D]efendants . . . were properly served in open court with a copy of the complaint and summons on April 19, 1996.

2. Mr. Larry Wallace, Attorney from Atlanta and Washington, D.C. appeared before the court as counsel for the Grand Lodge and Wilson on April 19, 1996. Mr. Wallace argued that his client, Mr. Wilson, had not been properly served because Mr. Wilson's secretary received the registered mail and signed for same. He gave some indication, that his other client, the Grand Lodge, had not been properly served; however, Mr. Wallace agreed to accept service for his two clients and was served.

Plaintiffs sought to enforce the Alabama judgment in North Carolina by filing a notice of foreign judgment in Hertford County Superior Court pursuant to G.S. § 1C-1701, *et seq.* Defendants filed a motion for relief from the Alabama judgment pursuant to N.C. R. Ev. 60(b). After a 1 March 1999 hearing, the Superior Court of Hertford County granted defendants' motion, finding as fact that:

1. Plaintiffs argued that the defendants accepted service of process [of the Summons and Complaint] through an attorney, Larry Wallace. . . . Wilson and the Grand Lodge dispute that Wallace was authorized to represent them in Alabama or that he accepted service . . . on April 19, 1996. Wallace specifically denies that he accepted service of process [as held by the Alabama court in its default judgment and order]. *Assuming what the plaintiffs say is true, they have not shown proper service in accordance with Alabama law.* Acceptance of service of process by an attor-

ney in Alabama must be in writing, signed by the defendant and a credible witness. See Ala. R.Civ.P. 4(h). The plaintiffs have put forth no evidence of compliance with any portion of Ala.R.Civ.P. 4(h), and the defendants' affidavits effectively show compliance did not occur.

The court concluded that:

1. The plaintiffs have the burden to establish that the Alabama Default Judgment is entitled to full faith and credit in North Carolina. See [G.S. §] 1C-1705(b). The plaintiffs failed to meet that burden as set forth herein.

2. The Alabama Default Judgment is not entitled to full faith and credit because the plaintiffs failed to establish proper service of process on Wilson and the Grand Lodge under Alabama law, which deprives the Alabama court of personal jurisdiction. *Assuming that an attorney for the defendants at the April 19, 1996 hearing in Dallas County did accept service of process, that acceptance was not valid service of process because it did not comply with Ala.R.Civ.P. 4(h), which governs acceptance of service by an attorney.* The failure to comply with Rule 4(h) renders the judgment void under Alabama law. *See Singleton v. Allen*, 401 S.2d 547 (Ala Civ. App. 1983) (granting relief from summary judgment for lack of proper service where no evidence that attorney was authorized to accept service in accordance with Rule 4(h); *Colvin v. Colvin*, 628 S.2d 802 (Ala. Civ. App. 1992) (default judgment improper where no evidence that attorney was authorized to accept service for defendants in compliance with Rule 4). North Carolina courts have not granted full faith and credit to foreign judgments when there are defects in service of process in the rendering jurisdiction. *Boyles v. Boyles*, 308 N.C. 488, 491[, 302 S.E.2d 790] (1980) (refusing to enforce Florida judgment); *Jaffe v. Vasilakos*, 90 N.C.App. 662, 663-64[, 369 S.E.2d 640] (1988) (refusing to enforce New York default judgment).

Plaintiffs appeal.

*Poyner & Spruill, LLP, by Joseph E. Zeszotarski, Jr., for plaintiff-appellants.*

*Robinson, Bradshaw & Hinson, P.A., by Mark W. Merritt and Sarah B. Kemble, for defendant-appellees.*

EAGLES, Chief Judge.

In deciding whether the Alabama default judgment was enforceable in North Carolina under the full faith and credit clause of the federal constitution, *see* U.S.Const. Art IV, § 1, we first consider whether defendants Wilson and the Elks were properly served under Alabama law. Defendants argue that they were not properly served with a summons and complaint. Plaintiffs argue that service was accomplished by (1) certified mail and (2) personal service on Larry Wallace at the 19 April default hearing. Because we affirm the North Carolina trial court's ruling that defendants were not properly served under Alabama law, we discuss only that issue.

Plaintiffs first argue that notations on the Alabama court docket sheets, indicating that the court received return cards from Wilson and the Elks, establish that defendants were properly served by certified mail in accordance with A.R.C.P.4.2. *See generally Insurance Mgmt. & Administration, Inc. v. Palomar Insurance Corp.*, 590 So.2d 209 (Ala. 1991). The docket sheets were attached to plaintiffs' one-page response to defendants' motion for relief. However, the record reveals no arguments on the propriety of service by certified mail (1) on the face of plaintiffs' response to defendants' motion for relief, (2) in the affiants' testimony in support of plaintiffs' response or (3) in plaintiffs' oral arguments before the North Carolina court. Accordingly, we hold that plaintiffs waived the service argument by failing to argue it in North Carolina, and we decline to address it here. *See* N.C. R. App. P. 10(b)(1).

We also note that although *mentioned* in the Alabama order, neither the Alabama nor North Carolina courts *decided* whether service was accomplished by certified mail. Absent the return cards "received" by the Alabama court, there was insufficient proof of proper service by mail under *Insurance Mgmt.*, cited by both parties, which held that "proof of service is evidenced <u>by the return receipt</u> and the circuit court clerk's notation on the docket sheet that the process has been properly mailed." *Id.* at 212-13 (emphasis added).

Plaintiffs remaining argument is that defendants were properly served through their attorney at the 19 April 1996 hearing. We are not persuaded. Appellate review of a trial court's ruling pursuant to Rule 60(b) is limited to determining whether the trial court abused its discretion. *Vaughn v. Vaughn*, 99 N.C. App. 574, 575, 393 S.E.2d 567, 568, *disc. rev. denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). For a foreign

judgment to be accorded full faith and credit in North Carolina, and thereby survive a Rule 60(b) motion,

> the rendering court must . . . have respected the demands of due process. That is, the rendering court must . . . have afforded the parties adequate notice and opportunity to be heard before full faith and credit will be accorded the judgment.
>
> . . . .
>
> [I]t follows that when a party against whom a default was entered subsequently challenges the validity of the original proceeding on grounds that he did not receive adequate notice, the reviewing court ordinarily must examine the underlying facts in the record to determine if they support the conclusion that the notice given of the original proceeding was adequate.

*Boyles v. Boyles*, 308 N.C. 488, 491-92, 302 S.E.2d 790, 793 (1983), citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L.Ed. 865 (1950).

As in *Boyles*, here we decide whether the defendants were properly served under the law of a foreign state. We agree with both parties that A.R.C.P. 4(h), as interpreted in *Colvin v. Colvin*, 628 So.2d 802 (Ala. Civ. App. 1993), controls this issue. Rule 4(h) provides that

> [a] defendant or the defendant's attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness.

In *Colvin*, an Alabama defendant's attorney accepted process on her behalf without complying with the writing requirement in Rule 4(h), but withdrew prior to entry of default against her. Citing Rule 4(h), the court dismissed the default judgment for lack of proper service, holding that

> [n]either the Alabama Code nor our Rules of Civil Procedure authorize process service on the defendant's attorney unless performed in compliance with Rule 4(h), *Singleton v. Allen*, 431 So.2d 547 (Ala.Civ.App. 1983) . . . .
>
> . . . .
>
> This Court is aware of the long-standing informal practice by most members of the bar whereby they regularly accept service on behalf of their clients *and later file their appearance on*

*behalf thereof.* Nothing in this opinion is intended to change that practice; however, in a case such as here, where the attorney has withdrawn, *and no other appearance has been filed*, Rule 4(h) . . . must be strictly adhered to in order to enter a default judgment. Failure of personal service . . . renders the judgment by default void.

*Colvin v. Colvin*, 628 So.2d at 803 (emphasis added).

We disagree with plaintiffs' argument that under *Colvin*, Rule 4(h) applies only when a defendant's attorney has withdrawn or failed to file an appearance. Recognizing both Alabama practice and the plain language of Rule 4(h), *Colvin* merely extended the time for compliance with Rule 4(h) in the case of "informal" service on a party's attorney by allowing an attorney's later-filed notice of appearance to qualify as a "writing" under the rule. There being no evidence of *any* written notice of appearance or other writing, this argument is overruled.

Affirmed.

Judges TIMMONS-GOODSON and HUNTER concur.