FRANCES D. BARTON, PLAINTIFF-APPELLEE v. BILLY JOE SUTTON, DEFENDANT-APPELLANT

No. COA01-1046

(Filed 3 September 2002)

## 1. Judgments— default—insurance company's Rule 60 motion to set aside—notification requirements

The trial court did not err in an action arising out of a motor vehicle accident by denying unnamed defendant insurance company's N.C.G.S. § 1A-1, Rule 60(b)(4) motion to set aside a default judgment entered against defendant individual even though defendant insurance company contends the judgment is void based on plaintiff's failure to provide it with notice of the lawsuit as required by N.C.G.S. § 20-279.21, because there is no authority indicating that notification of the insurer would have any bearing on a trial court's jurisdiction or authority to enter judgment, and thus, defendant failed to meet its burden to show the default judgment was void.

## 2. Judgments— default—insurance company's Rule 60 motion to set aside—any reason justifying relief from operation of judgment

The trial court did not err in an action arising out of a motor vehicle accident by denying unnamed defendant insurance com-

BARTON v. SUTTON

[152 N.C. App. 706 (2002)]

pany's N.C.G.S. § 1A-1, Rule 60(b)(6) motion to set aside a default judgment entered against defendant individual which would allow relief for any other reason justifying relief from the operation of the judgment, because: (1) defendant has not alleged the existence of extraordinary circumstances nor established that it has a meritorious defense; and (2) defendant has not argued that the trial court abused its discretion, nor cited any cases in which an abuse of discretion was found in similar circumstances.

Judge GREENE dissenting.

Appeal by defendant-appellant [unnamed appellant, Nationwide Mutual Insurance Company] from order entered 17 May 2001 by Judge Michael E. Beale in Cabarrus County Superior Court. Heard in the Court of Appeals 4 June 2002.

*Bollinger & Piemonte, by George C. Piemonte, for plaintiff-appellee.*

*Robinson & Elliott, by William C. Robinson and Stephanie D. Gacek, for defendant-appellant.*

*Golding Holden Pope & Baker, by Chip Holmes, for unnamed defendant.*

BIGGS, Judge.

Nationwide Mutual Insurance Company (defendant) appeals from the denial of its motion to set aside a default judgment entered against co-defendant Billy Joe Sutton. For the reasons that follow, we affirm the trial court.

This appeal arises from a 22 March 1997 motor vehicle accident between plaintiff and Sutton. Plaintiff filed a negligence action against Sutton, in Cabarrus County, on 15 March 2000, seeking compensation for injuries suffered in the accident. Service was effected upon Sutton on 31 March 2000, but he failed to respond. On 7 September 2000, plaintiff applied for a default judgment against Sutton. Her application was accompanied by an affidavit attesting to Sutton's failure to respond despite being properly served, and setting out the amount of her damages and attorney's fees. On 4 December 2000, the trial court entered a default judgment against Sutton in the amount of $50,000.

On 29 March 2001, defendant filed two motions. The first sought leave to intervene in the lawsuit pursuant to N.C.G.S. § 1A-1, Rule 24,

in order to "challenge a Default Judgment pursuant to Rule 60." The second motion sought to have the default judgment set aside, pursuant to N.C.G.S. § 1A-1, Rule 60(b), on the basis that defendant had "received no notice, either under Rule 4 or any other actual or constructive notice, as to the institution of suit." In an order entered 17 May 2001, defendant's Rule 24 motion to intervene was allowed, and defendant's Rule 60 motion to set aside the default judgment was denied. On 18 May 2001, State Farm Mutual Insurance Company filed a motion under N.C.G.S. § 1A-1, Rule 24, seeking to intervene in the action; the motion was allowed by consent order dated 25 June 2001. The present appeal involves only Nationwide, which appeals the denial of its Rule 60 motion.

I.

**[1]** Defendant argues first that the trial court erred in denying its motion to set aside the default judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4). Defendant contends that plaintiff's failure to notify it of the pending lawsuit, as required by N.C.G.S. § 20-279.21, rendered the default judgment against Sutton void. We disagree.

Pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4) (2001), "[a] defendant may be relieved from a final judgment, including a default judgment, if the judgment is void." *Gibby v. Lindsey*, 149 N.C. App. 470, 473, 560 S.E.2d 589, 591 (2002). However, "a Rule 60(b)(4) motion is only proper where a judgment is 'void' as that term is defined by the law." *Burton v. Blanton*, 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). Thus, a judgment is not void "merely for an error in law, fact, or procedure[,] . . . [but] only when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." *Id. See also Allred v. Tucci*, 85 N.C. App. 138, 142, 354 S.E.2d 291, 294, *disc. review denied*, 320 N.C. 166, 358 S.E.2d 47 (1987) (judgment not void unless court lacked jurisdiction over parties or subject matter, or lacked authority or power to grant relief in judgment).

In the instant case, defendant has not alleged any defect in the trial court's jurisdiction over the parties or subject matter, and does not dispute that the court had authority to enter a default judgment. However, defendant argues that the judgment is nonetheless void, because of plaintiff's failure to provide it with notice of the lawsuit pursuant to N.C.G.S. § 20-279.21. Under N.C.G.S. § 20-279.21(b)(3)a., an insurer is bound by a final judgment entered against an uninsured motorist only if "the insurer has been served with copy of summons,

complaint or other process in the action against the uninsured motorist[,]" which defendant asserts was not done in this case. However, defendant cites no authority, and we do not discern any, indicating that notification of the insurer would have any bearing on a trial court's jurisdiction or authority to enter judgment. We note that in *Love v. Insurance Co. and Insurance Co. v. Moore*, 45 N.C. App. 444, 263 S.E.2d 337, *disc. review denied*, 300 N.C. 198, 269 S.E.2d 617 (1980), cited by defendant, this Court held that a default judgment was not enforceable against the insurer where the plaintiff had failed to comply with the relevant notification requirements of N.C.G.S. § 20-279.21. The Court did not, however, hold that the judgment was void on this basis. *See also Piedmont Rebar, Inc., v. Sun Constr., Inc.*, 150 N.C. App. 573, 564 S.E.2d 281 (2002) (default judgment entered against defendant not voided by failure to serve co-defendant with process). Because defendant has failed to show a connection between the alleged failure to notify it and the validity of the default judgment, we find it unnecessary to determine if defendant's contentions regarding lack of notification are correct. We conclude that defendant has failed to show that the default judgment entered against Sutton was void. Accordingly, we hold that the trial court did not err by denying defendant's motion to set it aside on that basis.

## II.

**[2]** Defendant argues next that the trial court erred by failing to set aside the default judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(6) (2001).

Under N.C.G.S. § 1A-1, Rule 60(b), the trial court may "relieve a party or his legal representative from a final judgment, order, or proceeding" for reasons enumerated in the statute. In addition, Rule 60(b)(6) permits the court to grant relief for any other reason "justifying relief from the operation of the judgment." This provision, which has often been described as "a grand reservoir of equitable power to do justice in a particular case," *Branch Banking & Trust Co. v. Tucker*, 131 N.C. App. 132, 137, 505 S.E.2d 179, 182 (1998), "authorizes the trial judge to exercise his discretion in granting or withholding the relief sought." (citations omitted). *Kennedy v. Starr*, 62 N.C. App. 182, 186, 302 S.E.2d 497, 499-500, *disc. review denied*, 309 N.C. 321, 307 S.E.2d 164 (1983).

On appeal, this Court's review of the trial court's Rule 60(b) ruling "is limited to determining whether the trial court abused its discretion." *Moss v. Improved B.P.O.E.*, 139 N.C. App. 172, 176, 532

S.E.2d 825, 829 (2000) (quoting *Vaughn v. Vaughn*, 99 N.C. App. 574, 575, 393 S.E.2d 567, 568, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990)). Abuse of discretion is shown only when the court's decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. McDonald*, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (citation omitted). Moreover, "for a defendant to succeed in setting aside a default judgment under Rule 60(b)(6), he must show: (1) extraordinary circumstances exist, (2) justice demands the setting aside of the judgment, and (3) the defendant has a meritorious defense." *Gibby v. Lindsey*, 149 N.C. App. 470, 474, 560 S.E.2d 589, 592 (2002) (citing *State ex rel. Envtl. Mgmt. Comm. v. House of Raeford Farms*, 101 N.C. App. 433, 448, 400 S.E.2d 107, 117, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991)).

In the present case, defendant has not alleged the existence of "extraordinary circumstances," nor established that it has a "meritorious defense." Further, the defendant has not argued that the trial court abused its discretion, nor cited any cases in which an abuse of discretion was found in similar circumstances. We conclude that defendant failed to establish that the trial court abused its discretion in its denial of defendant's motion to set aside the default judgment against Sutton. This assignment of error is overruled.

For the reasons discussed above the judgment of the trial court is

Affirmed.

Judge GREENE dissents.

Judge HUDSON concurs.

GREENE, Judge, dissenting.

As I disagree with the majority that the trial court had the authority to render a default judgment in this case, I respectfully dissent.

According to N.C. Gen. Stat. § 20-279.21(b)(3)a., an "insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist." N.C.G.S. § 20-279.21(b)(3)a. (2001). Furthermore, "[n]o default judgment shall be entered when the insurer has timely filed an

CHALLENGER INDUS., INC. v. 3-I, INC.

[152 N.C. App. 711 (2002)]

answer or other pleading as required by law." *Id.* By extension, absent notice to the insurer, the trial court may not enter a default judgment against the tortfeasor, as the protections afforded an insurer who files an answer would be meaningless without the right to notice. This is so because without notice the insurer would be unaware of the lawsuit and its opportunity to file an answer. Accordingly, without notice to defendant-insurer in this case, the trial court had "no authority to render the judgment entered," and the default judgment is therefore void. *Burton v. Blanton,* 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992) ("[a] judgment is void . . . when the issuing court . . . has no authority to render the judgment entered"). As such, the trial court erred by failing to grant defendant relief from judgment pursuant to Rule 60(b)(4), *see* N.C.G.S. § 1A-1, Rule 60(b)(4) (2001) (the trial court may relieve a party from a final judgment if "[t]he judgment is void"), and the default judgment should be vacated.