WYNN, Judge.
Defendant Terry Ramey appeals from an order denying his motion for relief from a default judgment entered in favor of Plaintiff American Tire Distributors, Inc. Defendant argues Plaintiff was not entitled to attorneys' fees as a matter of law, and that the trial court therefore erred in failing to set aside the default judgment against him. Defendant further contends he presented sufficient evidence of excusable neglect on his part, such that the trial court erred in denying his motion to set aside the defaultjudgment. For the reasons stated herein, we affirm the order of the trial court.
On 23 January 2003, Plaintiff sent a demand letter to Defendant regarding an outstanding balance owed to Plaintiff. Plaintiff filed a complaint on 13 February 2003 seeking to recover the outstanding balance on an open account for goods sold to Defendant. The complaint alleged that Plaintiff and Defendant entered into a contract for goods sold and delivered to Defendant; that Defendant owed $14,465.56 plus interest; and that Plaintiff was entitled to recover attorneys' fees pursuant to its contract with Defendant. Defendant, who was properly served, did not answer or otherwise respond to the complaint.
On 10 April 2003, entry of default was entered against Defendant. A default judgment was thereafter entered awarding Plaintiff $14,465.56 plus eighteen percent interest and $2,169.83 in attorneys' fees. Defendant did not appeal from the final default judgment against him. Instead, Defendant, through counsel, filed a "Motion for Relief Pursuant to Rule 60" on 22 September 2003. In his motion, Defendant alleged that the judgment by default was "erroneous as a matter of law and should be set aside [because] the award of attorneys fees [was] in violation of North Carolina law." Defendant alleged he did not enter into a contract with Plaintiff. Defendant further alleged he did not respond to the complaint because he believed that by leaving a phone message for Plaintiff's counsel to discuss the case, Plaintiff would not go forward with the lawsuit. He also alleged that he was in the midstof separating from his wife when the complaint was served. Defendant did not specify the provision of Rule 60(b) under which he sought relief. Following a hearing, the trial court entered an order denying Defendant's motion for relief from judgment. The trial court found Defendant failed to demonstrate "any excusable neglect in his failure to answer the Complaint filed and served on him in the time required by law." From this order, Defendant appealed.
Defendant sets forth two assignments of error on appeal, contending the trial court erred by denying his motion to set aside the default judgment on the grounds that (1) the award of attorneys' fees was inappropriate; and (2) Defendant presented evidence of excusable neglect. We are not persuaded, and we affirm the order of the trial court.
Defendant first contends the trial court erred in failing to set aside the default judgment on the grounds that Plaintiff was not entitled to attorneys' fees as a matter of law. Defendant further argues the trial court failed to make specific findings of fact regarding whether or not the award of attorneys' fees was in violation of North Carolina law. This argument has no merit.
An erroneous judgment is one entered according to proper court procedures and practices but is contrary to the law or involves a misapplication of the law. Daniels v. Montgomery Mut. Ins. Co., 320 N.C. 669, 676, 360 S.E.2d 772, 777 (1987). Rule 60(b) motions for relief from judgment, however, cannot be used as a substitutefor appeal and erroneous judgments may be corrected only by appeal. Loftis v. Reynolds, 105 N.C. App. 697, 700, 414 S.E.2d 378, 380, disc. review denied, 332 N.C. 346, 421 S.E.2d 150 (1992); Town of Sylva v. Gibson, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, appeal dismissed and cert. denied, 303 N.C. 319, 281 S.E.2d 659 (1981). Defendant did not appeal the trial court's judgment and his Rule 60 motion was an inappropriate vehicle to review an allegedly erroneous judgment. Accordingly, this assignment of error is without merit.
Defendant also contends the trial court erred in failing to set aside the default judgment because there was sufficient evidence from which the court could find excusable neglect on Defendant's part. Defendant argues he failed to respond to the complaint because his marriage was in turmoil and because he mistakenly believed Plaintiff's counsel would not go forward with the suit until he and Plaintiff's counsel discussed the case. Rule 60(b)(1) of the Rules of Civil Procedure "allows a party, on motion to the trial court, to seek relief from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect." Gibson v. Mena, 144 N.C. App. 125, 128, 548 S.E.2d 745, 747 (2001). "Appellate review of a trial court's ruling pursuant to Rule 60(b) is limited to determining whether the trial court abused its discretion." Moss v. Improved B.P.O.E., 139 N.C. App. 172, 176, 532 S.E.2d 825, 829 (2000) (citations omitted). To be entitled to relief under Rule 60(b)(1), the movant must show both excusable neglect and a meritorious defense. Higgins v. MichaelPowell Builders, 132 N.C. App. 720, 726, 515 S.E.2d 17, 21 (1999). "[W]hat constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case." Id. It is "well-established that a party served with a summons must give the matter the attention that a person of ordinary prudence would give to his important business." E. Carolina Oil Transport, Inc. v. Petroleum Fuel & Terminal Co., 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986), disc. rev. denied, 318 N.C. 693, 351 S.E.2d 745 (1987). Failure to respond to a summons within the time allowed is not excusable neglect. Id. at 748, 348 S.E.2d at 167.
It is clear from the record that the summons and complaint were personally served on Defendant. Total disregard of a summons and complaint which were personally served is not the action of a person of ordinary prudence and thus is not excusable neglect, regardless of that person's personal belief concerning the properness of the summons and complaint. Furthermore, Defendant's marital problems and Defendant's belief that the lawsuit would be delayed because he telephoned Plaintiff's attorney does not excuse his failure to respond to the subsequent summons and complaint. Defendant failed to show that he gave the summons and complaint the attention that an important business matter deserves. Accordingly, the trial court's order denying defendant's motion to set aside entry of default and default judgment is
Affirmed.
Judges TYSON and GEER concur.
Report per Rule 30(e).