BRYAN, Judge.
 

 The Montgomery County Board of Education (“the Board”) appeals from the trial court’s denial of the Board’s motion to set aside a default judgment entered in favor of Hosea Addison. We reverse and remand.
 

 Addison, a former employee of the Board, filed a complaint against the Board, alleging breach of contract. After the Board failed to answer or otherwise respond, Addison moved for a default judgment, pursuant to Rule 55, Ala. R. Civ. P. The trial court subsequently entered a default judgment against the Board in the amount of $47,508.84. The Board moved to set aside the default judgment, asserting, among other things, that it had not been properly served with process; the trial court denied that motion. The Board appealed.
 

 On appeal, the Board argues that the trial court should have set aside the default judgment because, the Board says, it was not properly served with process. Rule 4(c)(8), Ala. R. Civ. P., establishes the
 
 *886
 
 procedure for service of process in this case. It provides, in pertinent part:
 

 “(c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
 

 “(8)
 
 Local Governments and Other Governmental Entities.
 
 Upon a county, municipal corporation, or any other governmental entity not previously mentioned, or an agency thereof, by serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process, or upon the attorney general of the state if such service is accompanied by an affidavit of a party or the party’s attorney that all such persons described therein are unknown or cannot be located.”
 

 In this case, Tom Salter, an employee of the Board, was served with the summons and complaint. The Board maintains that service on Salter did not constitute proper service under Rule 4(c)(8). Both parties contend that Salter is employed by the Board, but the record on appeal is unclear regarding Salter’s position with the Board. Addison asserts that Salter is the marketing director for the Board and an officer of the Board. Even assuming that Salter holds those positions with the Board, service on him would not have effected service on the Board. Addison maintains that the Board was effectively served by the serving of Salter and that Salter should be considered an agent of the Board for purposes of service. However, “strict compliance with the rules regarding service of process is required.”
 
 Ex parte Pate,
 
 673 So.2d 427, 429 (Ala.1995). Nothing in the record indicates that Salter is the chief executive officer of the Board or that he has been designated by appointment or by statute to receive service of process for the Board.
 
 See
 
 Rule 4(c)(8).
 
 [1]
 
 Further, the record does not indicate that the attorney general was served with process and an accompanying affidavit attesting that the individuals upon whom service would be proper under Rule 4(c)(8) are unknown or cannot be located. Accordingly, service was not perfected upon the Board.
 

 “Failure of proper service under Rule 4 deprives a court of [personal] jurisdiction and renders its judgment void.
 
 Shaddix v. Shaddix,
 
 603 So.2d 1096 (Ala. Civ.App.1992).... A void judgment must be set aside.
 
 Smith[ v. Clark,
 
 468 So.2d 138 (Ala.1985) ].”
 
 Ex parte Pate,
 
 673 So.2d at 428-29. Because service was not perfected upon the Board, the default judgment entered against the Board is void. Therefore, the trial court erred in failing to set aside the default judgment, and the default judgment is due to be reversed.
 
 See also Seleo, S.R.L. v. Webb,
 
 727 So.2d 796, 800 (Ala.1998) (stating that a default judgment was void due to lack of service and reversing the default judgment).
 

 We note also that “default judgments are not favored by the courts, and that discretion to grant [a default judgment] should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof.”
 
 Colvin v. Colvin,
 
 628 So.2d 802, 803 (Ala.Civ.App.1993).
 
 Cf.
 
 Committee Comments to August 1, 1992, Amendment to Rule 4(c)(1) (stating, in the context of serving an individual’s “agent,” that “courts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant.
 
 *887
 
 On motion to set aside a default or on motion for relief from a default, where service has been attempted on a person alleged to be or purporting to be an agent, no presumption of agency should be indulged in with respect to such service and the court should be satisfied that the' person upon whom service was attempted was in fact the authorized agent of the defendant before refusing to grant relief from a default judgment.”); and
 
 Colvin,
 
 supra (reversing a default judgment due to lack of service on an individual and quoting the Committee Comments to August 1, 1992, Amendment to Rule 4(c)(1)).
 

 Because service of process was not properly made on the Board pursuant to Rule 4(c)(8), the trial court lacked jurisdiction over the Board.
 
 Ex parte Pate,
 
 673 So.2d at 428. Accordingly, the trial court’s default judgment is void and should have been set aside by the trial court.
 
 Id.
 
 at 429. Therefore, we reverse the judgment, and we remand the case.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Presumably, the reference in Rule 4(c)(8) to "the clerk” refers to local governments, such as municipalities, that employ clerks. At any rate, the record does not indicate that Sailer served as "the clerk” for Board.